**TAULAPAPA S. SAVEA, Claimant,**

**v.**

**MORELI ALAIPALELEI, and TULUIGA T.MAAE,**
**Counter-claimants.**

**Registration of Matai Title TALIAAUEAFE**
**of the village of Malaeloa**

High Court of American Samoa
Land and Titles Division

MT No. 09-98

October 2, 1999

Before KRUSE, Chief Justice, TUA'OLO, Chief Associate Judge, LOGOAI, Associate Judge, ATIULAGI, Associate Judge, and TAUANU'U, Temporary Associate Judge.

Counsel: For claimant Taulapapa S. Savea, Aumoeualogo S. Salanoa
        For counter-claimant Moreli Alaipalelei, Afoafouvale L.S. Lutu
        For counter-claimant Tuluiga T. Maae, Malaetasi M. Togafau

## ORDER ON MOTION TO DISMISS

This matter came on for trial on July 22, 1999: After the evidence had developed, counter-claimant Moreli Alaipalelei ("Alaipalelei"), joined by counter-claimant Tuluiga T. Maae ("Tuluiga"), moved to dismiss claimant Taulapapa S. Savea's ("Taulapapa") succession claim to the matai title "Taliaaueafe," on the grounds that Taulapapa had offered the title for registration with the Territorial Registrar's Office before the Taliaaueafe family had even met to select a successor matai. Movant's cite to A.S.C.A. § 1.0405(b) which states in relevant part:

> The petition [to register a matai title] must state that a family meeting was called and held for the purpose of selecting a successor to the title in question, according to the traditions of the family.

## Facts

The facts, for purposes of this motion, are as follows: On October 3, 1997, Taulapapa filed petition with the Territorial Registrar to register the matai title Taliaaueafe. His claim, which was "subscribed and sworn" to before the Territorial Registrar stated, *inter alia*, that "a family meeting was called and held for the purpose of selecting a successor to the title in question and [that he had] been chosen accordingly." Based upon this declaration, the Territorial Registrar publicly advertised Taulapapa's claim, thereby triggering the matai registration process provided under the Matai Registration Statute, A.S.C.A. §§ 1.0101 *et seq* (the "Act"). In due time, Taulapapa's publicized claim attracted family reaction in the way of objection/counterclaims filed by Alaipalelei and Tuluiga.

In fact, there had never been a prior family meeting to select, let alone discuss, a successor matai. Indeed, the first family meeting on the issue of matai succession was convened by Taulapapa on Saturday October 4, 1997. The assembled family at that meeting were not aware that Taulapapa had already offered the family's title for registration, having falsely declared that the family had already met and chosen him as the next titleholder.

Movants argue that Taulapapa's attempt to register the title before the family had even met to discuss matai succession should properly result in the dismissal of Taulapapa's petition with prejudice. Taulapapa, on the other hand, argues that the Act does not mandate the drastic action of disenfranchisement. At most, Taulapapa submits, the matter should merely be remanded back to the family.

### Discussion

■ We preface this discussion by referencing Article 1, section 3, Revised Constitution of American Samoa, which reads in part:

> It shall be the policy of the Government of American Samoa to protect persons of Samoan ancestry against . . . the destruction of the Samoan way of life. . . . Such legislation as may be necessary may be enacted to protect the . . . *customs, culture, and traditional Samoan family organization* . . . .

(Emphasis added). In reviewing Article 1, this Court has earlier said: "The message is clear. The Samoan way of life must be protected." *Fairholt v. Aulava*, 1 A.S.R.2d. 73, 76 (Land & Titles Div. 1983).

A fundamental feature of "the customs, culture, and traditional Samoan family organization" is that a Samoan family selects its *matai*, or titular head. In construing the Act, this Court has invariably underscored the importance of preserving the *fa`a Samoa* (the Samoan way of life) and the rights of those qualified thereunder. *In re Matai Title Fagaima*, 4 A.S.R. 83, 87 (Land & Titles Div. 1973); *In re Matai Title Afoafouvale*, 4 A.S.R. 145, 147 (Land & Titles Div. 1975). Thus, "the Court should be always guided by the overarching purpose of the [Act], which is to preserve Samoan culture rather than to destroy it [and] interpret statutes dealing with Samoan custom and matai titles so as to minimize the extent to which customary law is modified or overridden by the imported procedural framework. . . ." *In re Matai Title Ma`ae*, 6 A.S.R.2d 75, 77 (Land & Titles Div. 1987).

■ It is plainly obvious from the design, scheme, and purpose of the Act, that the "imported procedural framework" was never attended to displace or supplant the Samoan Family in matters of matai selection. Rather,

resort to the "imported procedural framework" is to be availed only where the traditional matai selection process has failed to select a new matai in the customary manner. Hence, the statutorily defined role of the Court "to hear and determine any *disputed* claim," A.S.C.A. § 1.0409, is exercised *only* when a family cannot reach agreement over who should hold the title. *In re Matai Title Ma`ae*, at 76. Hence the statutory requirement that any petition for matai registration "must" certify "that a family meeting was called and held for the purpose of selecting a successor to the [family's matai] title, according to the traditions of the family." A.S.C.A. § 1.0405(b).

It has become quite evident, however, that a number of disputes coming before the Court are generated not by family failure to select a matai, but by premature action of impetuous family members bolting to the Territorial Registrar's office before "a family meeting [has even been] called and held for the purpose of selecting a successor to the [family's matai] title, according to the traditions of the family." A.S.C.A. § 1.0405(b). This troublesome practice forces all other family members desirous of seeking the title, or preserving their rights to be considered candidates to the title, to file counterclaims with the Territorial Registrar, who "may not accept . . . counterclaims . . . filed after the sixtieth day [following the posting of notice of a succession claim]." A.S.C.A. § 1.0407(a). A matai title dispute thus ensues quite unrelated to any family action at all. The "imported procedural framework" thus in actuality becomes nothing less than a catalyst for a matai title case. At the same time, subsequent family meetings under these circumstances are seldom conciliatory. But even so, family choice is restricted to the slate of candidates resulting under the limitations period imposed by § 1.0407(a).

■ We hardly think that this is the intended or logical consequence of the Act.[1] The Act need not, and should not, be construed to allow the statutory registration process, ultimately the Court, to totally supplant and displace a Samoan family from the matai selection process and thereby undermine *fa`a Samoa*; rather, the Court should only feature in the selection process if, and only if, a family proves unable to reach agreement on a matai. Matai vacancies must be left to the family for resolution at first instance, if the protective policy of the territorial Constitution is given more than mere lip service. Unless and until a family has had a meaningful opportunity[2] to thoroughly confront the

---

[1] There is contrary *dicta* found in *In re Matai Leiato*, 2 A.S.R.2d 94, 96 (Land & Titles Div. 1986), suggesting that current law allows individual resort to the matai registration process to thereby effectively bypass the family altogether. Such a suggestion, however, is inimical to *fa`a Samoa* and constitutional protective policy.

[2] Without intending to prescribe any procedural format for family

issue of matai succession and to decide for itself whether or not it can select a new titleholder, the Lands and Titles Division really has no business entertaining matai title cases. Just as the Court has, in another context of traditional dispute resolution, steadfastly declined to substitute its judgment for that of the *sa'o* in the lawful exercise of *matai pule* (traditional authority) and responsibility,[3] the Court should equally avoid interjecting its judgment on matters of matai succession, to the exclusion of the Samoan family.

■ In the future, and before referring matai title matters to the Land and Titles Division, the Territorial Registrar should first satisfy herself that a family meeting has been called and held,[4] for the purpose of selecting a successor matai according to the traditions of the family, and that the family was not able to select a new titleholder. Otherwise, there is no matai title dispute for certification to the Land and Titles Division.

■ Finally, we disagree with movants' contention that the proper consequence of Taulapapa's premature filing is disqualification. As noted above, this Court has construed the Act so as to promote and preserve not only the *fa'a Samoa*, "but the rights of those qualified under the statute." *In re Matai Title Fagaima*, 4 A.S.R. at 87 (Land & Titles Div. 1973); *In re Matai Title Afoafouvale*, 4 A.S.R. at 147 (Land & Titles Div. 1975). We see nothing in the Act which suggests that premature filing warrants the extreme action of disenfranchising an eligible heir to the title.[5] Such a construction of the Act would be hostile to the *fa'a Samoa* sought to be protected.

---

meeting(s) "according to traditions of the family," we note that "good faith effort to iron out disputes" is, in the Samoan way of life, "discussions, discussions, and discussions." *Fairholt v. Aulava*, 1 A.S.R.2d. 73, 78 (Land & Titles Div. 1983). Emphasis in original.

[3] *See e.g. Fairholt v. Aulava*, 1 A.S.R.2d. 73, 79 (Land & Titles Div. 1983)("The court will not substitute its opinion or its judgment for that of the *Sa'o*"); *Gi v. Temu*, 11 A.S.R.2d. 137, 142 (Land & Titles Div. 1989)("Courts will not interfere with decisions of *sa'o* unless they are arbitrary, capricious, illegal, or abusive of discretion").

[4] It is equally important to ascertain whether or not a meeting was called according to family tradition. The Court in *In re Matai Title Misa'alefua*, 28 A.S.R.2d 106 (Land & Titles Div. 1995), had occasion to comment disparagingly about party claims to clan support based on the practice of private meetings in private homes by individual candidates and their immediate supporters. Family meetings entail appropriate notice to the family's clans with venue at an appropriately neutral setting such as the family's guest house.

[5] That is not to say, however, that the giving of false affidavits and declarations are not without legal consequences. The giving of false averments are criminal offenses. *See* A.S.C.A. §§ 46.4606-07.

On the foregoing, we conclude that the matter of succession should be remanded to the Taliaaueafe family for the purpose of its choosing a successor matai unfettered by A.S.C.A. § 1.0407 as to any particular slate of eligible candidates. We therefore dismiss the action before us without prejudice to all parties and direct the Territorial Registrar to cancel all offers to register the matai title "Taliaaueafe" and to remand as aforesaid.

It is so ordered.